IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark T. Lee, | ) | C/A No.: 1:12-2109-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EIBOT, LLC and n-Link Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this employment discrimination case against EIBOT, LLC ("EIBOT") and n-Link Corp. ("n-Link"). Plaintiff asserts a cause of action for retaliation against both defendants. EIBOT has answered [Entry #5]. Plaintiff filed a proof of service of the summons and complaint on n-Link. [Entry #12-2]. N-Link has not filed an answer or otherwise made an appearance. On December 10, 2012, the Clerk of Court entered default against n-Link. [Entry #13]. This matter now comes before the court on Plaintiff's motion for default judgment against n-Link. [Entry #17].

Plaintiff's complaint alleges that: "While Defendant n-Link had Plaintiff sign a 'independent contractor' agreement, at all times relevant to this action Plaintiff was a *de facto* co-employee of both Defendants, i.e., both Defendants paid him 20 hour per week to do the same job and had, based on information and belief, shared supervisory authority over him." [Entry #1 at ¶ 2]. Plaintiff alleges that he filed a charge of discrimination against EIBOT on January 19, 2011 and was terminated on February 8, 2011. *Id.* at ¶¶ 19–20. Plaintiff further alleges that he "has filed appropriate charges with state and federal administrative agencies, has received his right to sue letters, and this action is

timely brought." *Id*. at ¶ 8. Plaintiff's complaint does not indicate that he filed a charge of discrimination against n-Link.

Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. *See, e.g., Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir.1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"). Because the record is not clear that Plaintiff has exhausted his administrative remedies, the court directs Plaintiff to file on the docket by March 15, 2013, a right-to-sue letter or any relevant correspondence with the EEOC regarding exhaustion of administrative remedies as to n-Link such as to support the court's subject-matter jurisdiction. Upon such a record establishing the court's jurisdiction, the undersigned will address the pending motion for a default judgment.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 25, 2013                                              Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge