IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark T. Lee, | ) | C/A No.: 1:12-2109-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EIBOT, LLC, and n-Link Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This employment matter comes before the court on the motion [Entry #35] of defendant n-Link Corp. ("n-Link") to set aside the entry of default [Entry #13] pursuant to Fed. R. Civ. P. 55(c). Plaintiff Mark T. Lee has affirmatively stated that he has no objection to the motion. [Entry #36]. For the reasons that follow, the court grants the motion to set aside the entry of default.

On June 14, 2013, the undersigned held a telephone status conference during which Plaintiff's counsel acknowledged that he had not attempted to reach either n-Link or its counsel. [Entry #24]. That same day, the court noticed a hearing for the then-pending motion for default judgment for July 3, 2013. [Entry #25]. The court directed the notice of hearing to be mailed both to n-Link's registered agent and the counsel that had represented it during the pendency of the underlying EEOC matter. [Entry #26]. Apparently through this communication, n-Link first became aware of this case and promptly filed a notice of appearance. [Entry #30]. On June 25, 2013, Plaintiff moved to withdraw the motion for default judgment [Entry #29], the motion was granted [Entry

#31], and the hearing cancelled [Entry #32]. On June 26, 2013, n-Link filed the instant motion to set aside entry of default. [Entry #35].

Pursuant to Fed. R. Civ. P. 55(c), an entry of default may be set aside for "good cause." Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)(internal quotation marks omitted). "Traditionally, … relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)); *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)("[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

The Fourth Circuit has outlined the following six factors that district courts may examine in deciding whether to grant relief from default for good cause shown: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

First, n-Link appears to have a potentially meritorious defense to Plaintiff's claim of retaliation against it, arguing that it was not Plaintiff's "employer" within the meaning of Title VII. "[A]ll that is necessary to establish the existence of a 'meritorious defense'

2

is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Id.*

Next, the court finds that n-Link acted with reasonable promptness to seek relief, having failed to respond to the summons and complaint due to oversight and mistake, as the summons and complaint had not been forwarded to the appropriate individuals. Upon receipt of notice of the hearing on the default judgment, n-Link immediately contacted counsel for the parties and filed a notice of appearance.  n-Link filed its motion to set aside the entry of default within two business days of receiving notice of it. The court finds n-Link has acted promptly. *See, e.g. H&C Corporation v. Puka Creations,* C.A. No.:4:12-0003-RBH, 2012 U.S. Dist. LEXIS 164235 (D.S.C. November 15, 2012) (finding defendant acted promptly by moving to set aside entry of default 22 days after receiving notice); *Gathers v. Graham*, C.A. No.: 9:12-cv-00716-JMC, 2012 U.S. Dist. LEXIS 153494 (D.S.C. October 25, 2012) (holding that defendant acted promptly by moving to set aside entry of default within one week); *Davis v. State Farm Life Insurance Company*, C.A. No.: 3:10-cv-372-JFA, 2010 U.S. Dist. LEXIS 48334 (D.S.C. May 17, 2010) (finding defendant acted promptly in moving to set aside entry of default 25 days after notice).

Finally, Plaintiff will not be prejudiced by allowing n-Link to respond to, and defend against, his claims. Prejudice is not shown either by the fact that a plaintiff must try the case on the merits, or the fact that a plaintiff's possible recovery would be delayed. *See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (finding no prejudice to plaintiff "beyond that suffered by any

3

party which loses a quick victory"). According to the representations of the parties, written discovery has commenced, but they have taken no depositions because they were awaiting a ruling on the motion for default judgment. [Entry #20]. The court entered a second amended scheduling order on May 29, 2013 [Entry #22], which provides a discovery deadline of September 26, 2013, that n-Link now represents it will meet [Entry #35 at 9].

Based on the facts set forth above, the court finds that n-Link has demonstrated good cause and excusable neglect. Furthermore, the court finds that n-Link acted with reasonable diligence in seeking to set aside the default and has tendered a meritorious defense. Therefore, applying the factors set forth above, the court grants n-Link's motion [Entry #35] and sets aside the entry of default [Entry #13]. n-Link is to file a responsive pleading by July 22, 2013. The scheduling order entered on May 29, 2013 [Entry #22], will govern the remaining deadlines in this case.

IT IS SO ORDERED.

*Shiva V. Hodges*

July 2, 2013                                       Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

4