IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark T. Lee, | ) | C/A No.: 1:12-2109-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EIBOT, LLC and n-Link Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion of Plaintiff's counsel, Thomas G. Eppink, to withdraw as counsel for Plaintiff. [Entry #77].

Mr. Eppink seeks to withdraw as counsel because he believes he has lost the faith and cooperation of Plaintiff. *Id.* Defendants do not oppose the motion to withdraw provided that the withdrawal of Plaintiff's counsel does not cause further delays in this case. [Entry #83]. Plaintiff states that he will only consent to Mr. Eppink's withdrawal if the court grants him ninety days in which to hire new counsel. [Entry #82].

While Local Civil Rule 83.I.07 provides for a period of time during which a party may object to the withdrawal of his counsel, an objection by the party does not prevent withdrawal if the court deems withdrawal appropriate. Mr. Eppink's motion and related documents demonstrate a breakdown in communication between Plaintiff and his counsel that would not allow Mr. Eppink's representation to effectively continue. It is therefore ordered that Mr. Eppink is hereby relieved as counsel of record for Plaintiff in this matter and shall have no further responsibility for Plaintiff in this matter. Mr. Eppink shall serve this order on Plaintiff and shall provide the court with an affidavit of said service. Mr.

Eppink is further directed to confirm through a filing on the court's docket by April 18, 2014, that he has provided or made available to Plaintiff the file regarding this case.

Because this is a civil proceeding, Plaintiff is not entitled to the appointment of counsel or to an indefinite extension of time to obtain new counsel. The court finds Plaintiff has been aware of the possibility of his counsel's withdrawal and of the need to find replacement counsel since February 21, 2014. [Entry #64]. Plaintiff shall have until May 12, 2014, to notify the court of the identity of the new attorney(s) to represent him in this case or, alternatively, of his desire to proceed with this litigation pro se, i.e., without an attorney. To this end, Plaintiff shall, by May 12, 2014, complete the attached notice and mail it to the clerk of court at the address indicated. If Plaintiff fails to file the attached letter with the clerk within the time prescribed or fails to provide the Clerk with an accurate and current address, this case may be dismissed for failure to prosecute.

Plaintiff is specifically advised that, if no new attorney is obtained to represent his interests, the court will expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide him with legal advice. Plaintiff is directed to consult the Pro Se Guide available on the District Court's website at www.scd.uscourts.gov under the "pro se" tab. Failure to comply with court rules could have serious consequences including, but not limited to, striking a claim, defense, pleading, dismissing the action for lack of prosecution, and/or holding the party in default.

In light of the foregoing, the court is cancelling the motions hearing scheduled for May 1, 2014, through a separately docketed text order. With the resolution of Mr.

Eppink's motion, the motions currently pending before the court are: (1) Defendants' joint motion for sanctions [Entry #56]; (2) n-Link Corp.'s motion for summary judgment [Entry #59]; (3) EIBOT LLC's motion for summary judgment [Entry #60]; and (4) Defendants' supplemental motion for sanctions [Entry #70]. To date, Plaintiff has not responded to these motions. Plaintiff's responses, if any, must be filed by May 27, 2014. If Defendants deem it necessary to file reply briefs, such briefs must be filed by June 3, 2014.

If, after submission of additional briefing, the court finds it necessary to hold a hearing, one will be scheduled with the parties to appear either through counsel or pro se. If the court determines that a hearing is not necessary, it will render a decision based on the briefs. Due the internal reporting deadlines of the court, the extensions of the deadlines set forth above are the last extensions possible for the court to timely rule on Defendants' long-pending motions. The deadlines will not be extended again absent extraordinary circumstances, and Plaintiff's failure to obtain counsel does not constitute an extraordinary circumstance.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 11, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3

          Name   _____

          Address_____

                    _____

Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201

    ***In Re:  3:12-2109-CMC-SVH Lee v. n-Link Corp. and EIBOT LLC***

Dear Ms. Blume:

    In response to the order of Judge Hodges dated April 11, 2014, I wish to advise as follows:

    _____ 1.    I have obtained a new attorney to represent me in this matter.  His [or her] name, address, and telephone number are as follows:

            _____

            _____

                          OR

    _____ 2.    I have **NOT** obtained a new attorney and will represent myself in this matter.  The clerk is directed to forward all notices and pleadings to me at the above address.  I understand that I am obligated to comply with all provisions of the Federal Rules of Civil Procedure and to keep the Clerk of Court informed as to my proper address.

            _____   _____
            Signature                                           Date

            _____
            Printed Name