IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mark T. Lee, | C/A No.: 3:12-2109-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| n-Link Corp., and EIBOT LLC, | |
| Defendants. | |

Plaintiff Mark T. Lee[1] filed this employment discrimination case against n-Link Corp. ("n-Link") and EIBOT LLC ("EIBOT") (collectively "Defendants") on July 27, 2012. [Entry #1]. This matter comes before the court on the following motions: (1) Defendants' joint motion for sanctions against Plaintiff [Entry #56]; (2) n-Link's motion for summary judgment [Entry #59]; (3) EIBOT's motion for summary judgment [Entry #60]; and (4) Defendants' supplemental motion for sanctions against Plaintiff [Entry #70].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.). Because these motions are dispositive, this Report and Recommendation is entered for review by the district judge.

---

[1] Although Plaintiff brought this action in the name of Mark T. Lee, he testified in his deposition that his full name is Mark Antonio Lee. Pl. Dep. 9:6–7.

I.  Background

    A.  Factual Background

Plaintiff began performing services as Digital Training Facility Manager for Defendants at Fort Jackson in February 2010. Pl. Dep. 72:1–24.[2] Prior to performing services for Defendants, Plaintiff worked for Stanley & Associates as a General Education Development test administrator at Fort Jackson. *Id.* at 23:13–24:2. While working for Stanley & Associates in 2009, Plaintiff allegedly witnessed two incidents of inappropriate conduct directed by one Army employee (Robert Youmans) toward another Army employee (Shirley O'Neal) and provided testimony related to his alleged observations once in 2010. *Id.* at 25:5–17, 90:17–91:10. Plaintiff alleges that Defendants, allegedly acting as joint employers, retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") for providing testimony in support of O'Neal.

    B.  Relevant Procedural History

Plaintiff was represented by counsel when he filed this action on July 27, 2012. On February 21, 2014, Plaintiff's counsel moved to withdraw as counsel. [Entry #64]. On April 11, 2014, the undersigned granted Plaintiff's counsel's motion to withdraw. [Entry #85]. The court directed Plaintiff to notify the court of the identity of his new counsel or, alternatively, of his desire to proceed pro se by May 12, 2014. *Id.* The court attached to its order a notice regarding representation to be completed and returned to the Clerk of Court by the May 12, 2014, deadline. *Id.* at 4. The order notified Plaintiff that his failure

---

[2] Plaintiff's deposition may be found at Entry #59-45.

to file the notice within the allotted time may result in his case being dismissed for failure to prosecute. *Id.* at 2. The order also noted that Plaintiff had not responded to the four pending motions and set a deadline of May 27, 2014, for Plaintiff to file responses. *Id*. at 3.

On May 12, 2014, Plaintiff requested additional time and alleged that his former counsel refused to provide him with his file. [Entry #91]. However, the emails Plaintiff attached in support showed only that: (1) Plaintiff's former counsel had refused to provide the file before the court granted his motion to withdraw, and (2) Plaintiff contacted his counsel once on April 23, 2014, to ask when he could pick up the file. [Entry #91-1]. The undersigned granted Plaintiff's motion for an extension via a text order that stated as follows:

> Plaintiff shall have until June 30, 2014, to notify the court of the identity of the new attorney(s) to represent him in this case or, alternatively, of his desire to proceed with this litigation pro se, i.e., without an attorney. To this end, Plaintiff shall, by June 30, 2014, complete the notice attached to the court's April 11, 2014, order [Entry #85] and mail it to the clerk of court at the address indicated. If Plaintiff fails to file the letter with the clerk within the time prescribed or fails to provide the Clerk with an accurate and current address, this case may be dismissed for failure to prosecute. Plaintiff is specifically advised that, if no new attorney is obtained to represent his interests, the court will expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide him with legal advice. The motions currently pending before the court are: (1) Defendants' joint motion for sanctions [Entry #56]; (2) n-Link Corp.'s motion for summary judgment [Entry #59]; (3) EIBOT LLC's motion for summary judgment [Entry #60]; and (4) Defendants' supplemental motion for sanctions [Entry #70]. To date, Plaintiff has not responded to these motions. Plaintiff's responses, if any, must be also filed by June 30, 2014. Plaintiff is advised that, due to the court's internal deadlines, no further extensions will be granted under any circumstances.

3

[Entry #92]. As of the date of this Report and Recommendation, Plaintiff has failed to comply with the court's order. Based on the foregoing, it is recommended that this action be dismissed with prejudice for failure to prosecute, in accordance with Fed. R. Civ. P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address. In the interest of completeness, the undersigned also addresses the motions on the merits.

II.     Discussion

    A.     Motion for Summary Judgment

        1.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

4

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

2. Analysis

Defendants argue that Plaintiff's claims are barred because he was an independent contractor and Title VII does not apply. [Entry #59-1 at 24; Entry #60-1 at 13]. Title VII is inapplicable to independent contractors because there is no qualifying employer/employee relationship. *See e.g. Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 313 (4th Cir. 2001); *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 258 (4th Cir. 1997). "Resolution of factors as to whether an employment relationship or an independent contractor relationship was created is a question of law." *Farlow*, 259 F.3d at 313.

The United States Supreme Court has outlined a non-exhaustive list of factors used to determine whether an individual is an employee or an independent contractor. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), *Mangram v. Gen. Motors Corp.*, 108 F.3d 61, 62–63 (4th Cir. 1997). These factors include: 1) control of hours worked by the individual and administrative details incident to work; 2) source of instrumentalities of individual's work; 3) duration of the relationship between the parties; 4) whether the hiring party has the right to assign additional work or to preclude the

5

individual from working at other facilities; 5) method of payment; 6) the individual's role in hiring and paying assistants; 7) whether the work is part of the regular business of the hiring party and how it is customarily discharged; 8) provision of employee benefits; 9) tax treatment of income; and 10) the parties' belief as to type of relationship. *Cilecek v. Inova Health System Serv.*, 115 at 259 (4th Cir. 1997) (citing *Reid*, 490 U.S. at 751–62).

Here, Defendants have set forth sufficient evidence showing that Plaintiff was an independent contractor, and Plaintiff has not set forth any evidence disputing the same. Plaintiff testified that Greg Moore, an employee of another subcontractor, maintained daily control of all work quality of Plaintiff's job and that Plaintiff communicated with Moore about any technical issues. Pl. Dep at 65:2–24. Plaintiff coordinated his work hours, including requesting schedule changes and weekend hours, directly with the government site manager at Fort Jackson. *Id*. at 234:7–235:11. According to Defendants and undisputed by Plaintiff, all of Plaintiff's facilities and equipment at Fort Jackson were provided by the government. [Entry #60-2 at ¶ 8]. Throughout the performance of his duties, Plaintiff submitted invoices for his services and was classified as a 1099 employee. Pl. Dep. at 78:6–11, 228:12–23, 229:14–22; *see also* Entry #59-6, #59-43, #59-44. Defendants provided Plaintiff with no benefits, did not withhold taxes from his payments, and did not pay taxes on his behalf. Pl. Dep. 75:18–76:5; Entry #60-2 at ¶ 6. Finally, Plaintiff testified that he understood his relationship with both n-Link and EIBOT to be that of an independent contractor. Pl. Dep. at 76:2–5; 227:10–11. Accordingly, the facts presented in the record before the court establish that Plaintiff was

6

an independent contractor. Because Title VII does not apply to independent contractors, the undersigned recommends that Defendants be granted summary judgment.

Plaintiff has also failed to submit any evidence that Defendants acted as joint employers. Plaintiff acknowledged that he had no evidence related to n-Link and EIBOT's relationship and structure to establish a joint employer relationship. Specifically, Plaintiff admitted that he had no evidence of an ownership interest between Defendants, commingling of assets, common management, or shared finances. *Id.* at 218:11–24. Accordingly, there is no evidence reflecting to create a genuine dispute of material fact regarding a joint employer relationship and summary judgment is appropriate.

B.   Motions for Sanctions

In their original and supplemental motions for sanctions, Defendants allege that Plaintiff lied in written discovery and in his deposition. Plaintiff answered in his responses to Defendant n-Link's First Set of Interrogatories that other than the instant matter, he had not previously been involved in any other legal proceedings. [Entry #70-1]. Thereafter, he testified in his deposition on December 20, 2013, that he had only brought two prior lawsuits—a workers' compensation action related to a golf cart accident and an injury related to an alleged drunk driving accident. Pl. Dep. 28:19–25, 29:1–14, 40:11–41:4. Plaintiff unequivocally testified that he had never threatened a lawsuit regarding employment discrimination or retaliation prior to filing the instant case. *Id.* at 270:14–23.

After Plaintiff's deposition, Defendants learned that Plaintiff had filed a discrimination lawsuit against UPS, his former employer, alleging he suffered physical damages (e.g., irritable bowel) and psychiatric damages (e.g., psychiatric commitment) as a result of alleged discriminatory treatment. *See Mark A. Lee v. United Parcel Service, Inc.*, C/A No. 3:99-cv-3561-22BC [Entry #56-9, #56-10]. The case was dismissed by this court pursuant to UPS's motion for summary judgment, and a bill of costs of approximately $1,200 was assessed against Plaintiff. *Id.*

Plaintiff testified that he filed a lawsuit based on an alleged golf cart accident while in high school, specifically claiming that he recovered a monetary settlement. Pl. Dep. at 30:22–25. However, public records demonstrate that his initial award of workers' compensation benefits was reversed, the decision of the Full Commission was affirmed by the Circuit Court, which was subsequently affirmed by the South Carolina Court of Appeals. *See Mark Lee v. Harborside Café & Hartford Company*, Ct. App. Opinion No. 3494 [Entry #56-11]. Similarly, Plaintiff's lawsuit against the golf cart manufacturer arising out of the same incident, which Plaintiff did not disclose in his deposition, was dismissed by this court and the decision was affirmed by the Fourth Circuit Court of Appeals. *See Mark A. Lee v. Cushman Inc.*, C/A No. 1:95-2854-CES.[3]

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

8

On March 21, 2014, counsel for one of Defendants noticed that Plaintiff and his mother, Evelyn Lee,[4] were on the trial roster for the Richland County Court of Common Pleas for the week of March 10, 2014. [Entry #70]. Plaintiff was listed as a plaintiff, as guardian and conservator for his mother, in a premises liability action filed against 2000 Watermark Association, Inc. [Entry #70-2]. Defendants contend that a subsequent review of the public records in Richland County, South Carolina, alone revealed approximately a dozen other lawsuits in which Plaintiff was a party. For example, counsel for Defendants have obtained copies of the complaints and allege that Plaintiff was a party in the following actions:

- *Carolina First Bank v. Mark Antonio Lee and Evelyn A. Lee, d/b/a Lee Way Tours*, C/A No. 2005-CP-40-01637, Court of Common Pleas, Richland County, South Carolina (Apr. 11, 2005) (collection) [Entry #70-3];
- *2000 Watermark Association, Inc. v. Evelyn A. Lee and Mark A. Lee*, C/A No. 2006-CP-40-01470, Court of Common Pleas, Richland County, South Carolina (Mar. 14, 2006) (foreclosure) [Entry #70-4];
- *Deutsche Bank National Trust Co. v. Mark Lee, Evelyn A. Lee*, et al., C/A No. 2007-CP-40-04447, Court of Common Pleas, Richland County, South Carolina (Jul. 18, 2007) (foreclosure) [Entry #70-5];
- *2000 Watermark Association, Inc., v. Evelyn A. Lee and Mark A. Lee*, C/A No. 2010-CP-40-6781, Court of Common Pleas, Richland County, South Carolina (Sept. 29, 2010) (foreclosure) [Entry #70-6];
- *Evelyn Lee v. Mark Lee*, C/A No. 2011-CP-40-01872, Court of Common Pleas, Richland County, South Carolina (Mar. 21, 2011) (motor vehicle accident) [Entry #70-7];
- *2000 Watermark Association, Inc., v. Evelyn Lee and Mark Lee*, C/A No. 2012-CP-40-3782, Court of Common Pleas, Richland County, South Carolina (May 31, 2012) (foreclosure) [Entry #70-8];
- *Deutsche Bank National Trust Co. v. Mark Lee a/k/a Mark A. Lee*, et al. C/A No. 2012-CP-40-7849, Court of Common Pleas, Richland County, South Carolina (Nov. 27, 2012) (foreclosure) [Entry #70-9];

---

[4] Plaintiff had previously testified in his deposition that he lives with his mother, Evelyn Lee. Pl. Dep. at 9:23–24.

- *Mark Lee as Guardian and Conservator of Evelyn Lee v. Watermark Associates, LLC*, C/A No. 2013-CP-40-0307, Court of Common Pleas, Richland County, South Carolina (Jan. 16, 2013) (premises liability) [Entry #70-10];
- *Robin Griffith v. Mark Antonio Lee*, 2013-CV-40-1030865, Magistrate's Court, Richland County, South Carolina (July 29, 2013) (ejectment action) [Entry #70-11].

Defendants request the following relief as sanctions for Plaintiff's failure to truthfully participate in discovery: (1) an order, pursuant to Fed. R. Civ. P. 37(a)(4), finding that Plaintiff's aforementioned deposition testimony be deemed "evasive and incomplete . . . [and] treated as a failure to disclose, answer or respond," (2) dismissal based on Plaintiff's failure to disclose, answer or respond, and (3) payment of all reasonable expenses, including attorney's fees, caused by Plaintiff's deficient discovery responses, including the time and expenses spent communicating with Plaintiff's counsel regarding Plaintiff's discovery abuse, as well as the cost of filing their motion for sanctions and dispositive motions. [Entry #70].

A review of the discovery responses and deposition testimony reveals that Plaintiff has failed to truthfully respond during discovery. The undersigned notes that Defendants only asked Plaintiff in his deposition about lawsuits he had brought or threatened to bring. Therefore, because Plaintiff is only listed as either a defendant or as guardian/conservator for his mother in the lawsuits listed in Defendants' supplemental motion, these lawsuits arguably were not responsive to Defendants' counsels' questioning.[5] However, these lawsuits are indisputably responsive to n-Link's Interrogatory #20 that stated:

---

[5] The undersigned does not condone Plaintiff's failure to disclose lawsuits in which he served as a plaintiff in his capacity as guardian/conservator for his mother, but notes the

10

> Identify, as defined above, all legal and administrative actions in the last fifteen years, including civil, domestic, bankruptcy, or criminal, in which Plaintiff has been named or involved, including, but not limited to, Plaintiffs participation as a Plaintiff, Defendant, or witness. Please set forth the relevant date, state, county, case caption, brief description of the case, and disposition thereof.

[Entry # 56-12]. Even after Defendants' counsel pointed out during Plaintiff's deposition the deficiencies in Plaintiff's interrogatory responses, Pl. Dep. at 30:7–11, he failed to amend his responses. In addition, Plaintiff testified that he had never previously brought a suit against an employer for discrimination or retaliation, *id.* at 270:14–23, which Defendants subsequently independently discovered was false.

Plaintiff's failure to provide truthful answers related to his prior lawsuits merits an award of sanctions. The undersigned recommends Plaintiff be directed to pay Defendants reasonable attorneys' fees and costs associated with their motions for sanctions, as well as an additional $500 per defendant.[6] The undersigned is already recommending dismissal of Plaintiff's lawsuit on other grounds. However, in the event that any part of Plaintiff's lawsuit survives, the undersigned recommends that the district judge provide an adverse inference instruction to the jury related to Plaintiff's failure to provide truthful deposition testimony and responses to written discovery.

---

potential argument in the interest of viewing all facts in the light most favorable to Plaintiff.

[6] The undersigned finds the additional monetary award appropriate, because an award of only fees and costs related to the motions for sanctions only returns Defendants to the status quo prior to their filing of the motions for sanctions, but does not punish Plaintiff for the false testimony itself.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's case be dismissed for failure to prosecute. The undersigned further recommends Defendants' motions for summary judgment [Entry #59, #60] be granted. Additionally, the undersigned recommends granting the motions for sanctions [Entry #56, #70] and that Plaintiff be directed to pay Defendants reasonable attorneys' fees and costs associated with their motions for sanctions, as well as an additional $500 to each defendant.

IT IS SO RECOMMENDED.

July 9, 2014                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).