IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark T. Lee, | ) | C/A No. 3:12-2109-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **IN PART** |
| n-Link Corp., and EIBOT LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action Plaintiff Mark T. Lee ("Plaintiff") seeks recovery under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for alleged retaliatory discharge. Plaintiff maintains that he was terminated because he gave testimony relating to alleged sexual harassment of one employee of the United States Army ("Army") by another Army employee.

Plaintiff seeks recovery from Defendants, n-Link Corp. ("n-Link") and EIBOT LLC ("EIBOT") (collectively "Defendants"), both of which provided services to the Army. Defendants deny that they were Plaintiff's employer(s) and further deny that Plaintiff's services were terminated based on any retaliatory motive.

The matter is before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., filed on July 9, 2014. ECF No. 95. The Report recommends that the court dismiss the action with prejudice under Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with court orders or respond to long-pending motions for sanctions and summary judgment. In addition, the Report recommends that the court grant two motions for sanctions filed jointly by

1

Defendants (ECF Nos. 56, 70), as well as motions for summary judgment filed separately by each Defendant (ECF Nos. 59, 60). The net effect of these recommendations would be entry of judgment against Plaintiff as to his claims and imposition of monetary sanctions for discovery abuse.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* No party has filed any objections, which were due on July 28, 2014.

## STANDARD FOR REVIEW OF REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. For the reasons set forth below, the court declines to adopt the recommendations as to Defendants' motions for summary judgment and sanctions, leaving those

motions unresolved. The court adopts the recommendation to dismiss the action under Fed. R. Civ. P. 41(b) in part, and dismisses the action, albeit without prejudice.

## PROCEDURAL HISTORY

Plaintiff was initially represented by counsel when this action was filed on July 27, 2012. ECF No. 1. A year later, the parties filed a consent motion to stay based on the pendency of an administrative investigation. ECF No. 42 (consent motion filed July 23, 2013). That motion was granted in part, suspending certain deadlines for approximately sixty days. ECF No. 46 (August 5, 2013 order suspending deadlines until October 4, 2013).

In October 2013, following a report that no progress had been made in the administrative proceeding, the court entered a new scheduling order, which set a discovery deadline of December 20, 2013, and a dispositive motions deadline of January 20, 2014. ECF Nos. 50-52. The dispositive motions deadline was subsequently extended to January 31, 2014, again on consent motion. ECF Nos. 54, 55.

On January 27, 2014, Defendants filed a joint motion for sanctions against Plaintiff based, *inter alia*, on allegations Plaintiff made demonstrably false statements during his December 2013 deposition. ECF No. 56. Defendants filed separate motions for summary judgment on January 30, 2014, and January 31, 2014. ECF Nos. 59, 60.

Shortly before the deadline for responding to these motions, Plaintiff's counsel sought an extension of time to respond. ECF No. 61. Counsel's explanation for the extension indicated a breakdown in the attorney-client relationship, including Plaintiff's non-cooperation in prosecution of the action.

The Magistrate Judge granted the motion, extending the deadlines for filing responses to pending motions to February 25, 2014. ECF No. 62. On February 21, 2014, prior to expiration of this deadline, Plaintiff's counsel moved to withdraw. ECF No. 64. As with the earlier motion for an extension, this motion evidenced both a breakdown in the attorney-client relationship and Plaintiff's non-cooperation in prosecuting the action.

On February 24, 2014, the Magistrate Judge entered a docket text order noting various deficiencies in the motion to withdraw, including the absence of evidence of consent from or service on Plaintiff. ECF No. 67. The order allowed moving counsel until March 3, 2014 to cure these deficiencies.

The deadline for curing the deficiencies in the motion to withdraw passed without further filings by any party. Plaintiff did, however, file two documents on his own behalf on March 19, 2014: a change of address and a request for a ninety-day extension of scheduling order deadlines to allow him "to retain new counsel and obtain a copy of my file from my previous attorney." ECF Nos. 68, 69. The signature line on the latter listed "Mark T. Lee, Pro Se." Thus, although the motion to withdraw remained pending, Plaintiff took action evidencing an intent to proceed pro se.

Three days later, Defendants filed a supplemental motion for sanctions. ECF No. 70 (filed March 21, 2014). This document cites additional evidence that Plaintiff made false statements in his deposition and interrogatory responses. *Id.* In light of Plaintiff's filing of documents pro se, Defendants served this motion on Plaintiff at the address he provided in his March 19, 2014 filing. ECF No. 72.[1]

---

[1] Plaintiff's attorney was automatically served with the same document through the court's electronic filing system.

Defendants also filed a letter requesting a status conference. ECF No. 71. This letter was also served directly on Plaintiff. ECF No. 73. The letter states that Defendants oppose Plaintiff's motion for an extension, noting, *inter alia*, that the deadline for responding to Defendants' motions for summary judgment passed well before the motion for extension was filed. The letter also notes the pendency of Plaintiff's counsel's motion to withdraw and Defendants' motions for sanctions. In light of these circumstances, Defendants sought "a status conference [to] clarify the procedural posture of the case and help each party more effectively evaluate Plaintiff's Motion for Extension." ECF No. 71.

On March 24, 2014, the Magistrate Judge denied the motion to withdraw due to counsel's failure to comply with Local Civ. Rule 83.I.07. The court also noted difficulties with Plaintiff's motion for extension, given that hybrid representation is not permissible. ECF 74. The order instructed the parties as follows:

> The court grants [defense counsel's] request for a status conference and directs Plaintiff, counsel for Plaintiff, and counsel for Defendants to confer with each other to determine a mutually-agreeable time to conduct a telephonic status conference in the next two weeks and advise the undersigned's chambers of the same. A notice of hearing will separately issue on the motions for sanctions [#56, #70] and motions for summary judgment [#59, #60]. To the extent Plaintiff finds new counsel prior to the hearing on the pending motions, that counsel is to file a motion for substitution on the docket. *Due to the age of this case and of the pending motions, the undersigned does not anticipate granting further extensions in this matter. If Plaintiff's counsel files a proper motion to withdraw in compliance with Local Civil Rule 83.I.07 that is granted prior to the hearing, Plaintiff would proceed pro se and be expected to comply with all applicable federal and local rules governing this case and at the hearing.*

ECF No. 74 (emphasis added). A copy of this order was mailed to Plaintiff, in addition to automatic electronic service on his counsel. ECF No. 76.

5

Later on the same day, Plaintiff's counsel filed a renewed motion to withdraw. ECF No. 77. Two days later, on March 24, 2014, the Magistrate Judge scheduled a teleconference for March 28, 2014. Because Plaintiff did not join that teleconference as instructed in the notice and prior order, the Magistrate Judge issued a rule to show cause order directed to Plaintiff specifically. ECF Nos. 79, 80. The order stated as follows: "Plaintiff is hereby placed on notice that, by April 4, 2014, he must show good cause why he should not be held in contempt of court and fined for his failure to appear for the telephonic status conference. *Plaintiff must also show good cause why this case should not be dismissed for failure to prosecute.*" ECF 79 at 1 (emphasis added). The order also warned that "[a]bsent a showing by Plaintiff, the court will issue recommendations on the pending motions for summary judgment [Entries #59, #60] and motions for sanctions [Entries #56, #70] based solely on the briefing and the record." *Id.* at 1-2.

Plaintiff timely filed a response on April 4, 2014, explaining that he had not received notice of the telephone conference from his attorney. ECF No. 82. He did, however, acknowledge receipt of his attorney's February 21, 2014 motion to be relieved as counsel.[2] With respect to this motion, he stated he was "only consenting to [counsel's] release as my counsel if the Court grants me ninety (90) days [in] which to hire new counsel such that I will not be prejudiced by having to represent myself." *Id.*

Defendants filed a reply to Plaintiff's response to the rule to show cause order on April 7, 2014. ECF No. 83. Defendants noted that they had given Plaintiff notice of the teleconference.

---

[2] As noted above, the February 21, 2014 motion to withdraw was denied by order entered March 24, 2014, which order was mailed to Plaintiff. ECF No. 74. Plaintiff's counsel filed a new motion to withdraw on March 24, 2014. ECF No. 77. This motion stated the same grounds for withdrawal, cured the various deficiencies noted in the earlier motion, and was accompanied by a certificate of service on Plaintiff. *Id.*

6

ECF No. 83 (attaching email communications relating to two potential dates, which included Plaintiff as an addressee). Defendants indicated they did not oppose withdrawal of counsel, but did oppose further extension of briefing deadlines for the long-pending motions. *Id.* Plaintiff's counsel also filed a reply with supporting emails indicating Plaintiff had been given notice of the teleconference by his own counsel. ECF No. 84.

By order entered April 11, 2014, the Magistrate Judge granted Plaintiff's counsel's second motion to withdraw and provided additional instructions.

> The court finds Plaintiff has been aware of the possibility of his counsel's withdrawal and of the need to find replacement counsel since February 21, 2014. [Entry #64]. Plaintiff shall have until May 12, 2014, to notify the court of the identity of the new attorney(s) to represent him in this case or, alternatively, of his desire to proceed with this litigation pro se, i.e., without an attorney. *To this end, Plaintiff shall, by May 12, 2014, complete the attached notice and mail it to the clerk of court at the address indicated. If Plaintiff fails to file the attached letter with the clerk within the time prescribed or fails to provide the Clerk with an accurate and current address, this case may be dismissed for failure to prosecute.*
>
> Plaintiff is specifically advised that, if no new attorney is obtained to represent his interests, the court will expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide him with legal advice. Plaintiff is directed to consult the Pro Se Guide available on the District Court's website at www.scd.uscourts.gov under the "pro se" tab. *Failure to comply with court rules could have serious consequences including, but not limited to, striking a claim, defense, pleading, dismissing the action for lack of prosecution, and/or holding the party in default.*

ECF No. 85 at 2 (emphasis added). Although this order did not expressly address the earlier rule to show cause order, it implicitly found Plaintiff's prior failure to participate in the teleconference insufficient to warrant dismissal.

The order listed the motions that remained pending, noted that no responses had been filed, and advised Plaintiff that any responses "must be filed by May 27, 2014." *Id.* at 3. It also stated that

"[t]he deadlines will not be extended again absent extraordinary circumstances, and Plaintiff's failure to obtain counsel does not constitute an extraordinary circumstance." *Id.* The order directed Plaintiff's former counsel to mail a copy of the order to Plaintiff and to file proof of such service. The latter was filed on April 15, 2014. ECF No. 87. The court also mailed a copy of the order to Plaintiff. ECF No. 90.

On May 12, 2014, Plaintiff filed a request for an extension of time to file his notification whether he would proceed pro se. ECF No. 91. He did not seek a specific period of time but indicated the delay was due, at least in part, to difficulties obtaining his file from his former attorney. *Id.* The Magistrate Judge granted the request, explaining as follows:

> Plaintiff shall have until June 30, 2014, to notify the court of the identity of the new attorney(s) to represent him in this case or, alternatively, of his desire to proceed with this litigation pro se, i.e., without an attorney. To this end, Plaintiff shall, by June 30, 2014, complete the notice attached to the court's April 11, 2014, order [Entry #85] and mail it to the clerk of court at the address indicated. *If Plaintiff fails to file the letter with the clerk within the time prescribed or fails to provide the Clerk with an accurate and current address, this case may be dismissed for failure to prosecute.* Plaintiff is specifically advised that, if no new attorney is obtained to represent his interests, the court will expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide him with legal advice. The motions currently pending before the court are: (1) Defendants' joint motion for sanctions [Entry #56]; (2) n-Link Corp.'s motion for summary judgment [Entry #59]; (3) EIBOT LLC's motion for summary judgment [Entry #60]; and (4) Defendants' supplemental motion for sanctions [Entry #70]. To date, Plaintiff has not responded to these motions. Plaintiff's responses, if any, must be also filed by June 30, 2014. *Plaintiff is advised that, due to the court's internal deadlines, no further extensions will be granted under any circumstances*.

ECF No. 92 (emphasis added).

Plaintiff did not file anything further prior to (or after) the June 30, 2014 deadline. The Magistrate Judge entered a Report on July 9, 2014, recommending dismissal with prejudice for failure to prosecute. She also recommended the court grant the motions of both Defendants for

8

sanctions and summary judgment. Despite these recommendations and notice of his right to do so, Plaintiff did not file any objections.

## DISCUSSION

**I.    DEFENDANTS' MOTIONS**

Case law requires that litigants proceeding on their own behalf be given certain warnings before a dispositive motion may be granted. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide pro se litigants with an explanation of the procedures for responding to dispositive motions and the consequences of not responding). In the present case, the Magistrate Judge gave Plaintiff various warnings about his duty to respond to the pending motions including his obligation to comply with the applicable rules and orders of the court. ECF Nos. 76, 85, 92. She also referred Plaintiff to available guidance for pro se litigants located on the court's website, advised him of the specific deadlines for responding to the motions, and granted one request for extension of these deadlines made by Plaintiff in his pro se capacity.[3] The Magistrate Judge did not, however, issue a *Roseboro* order.[4]

Although the failure to issue a *Roseboro* order is due at least in part to Plaintiff's failure to comply with the directive to file a letter indicating whether he would proceed pro se, the undersigned finds it precludes the court from granting Defendants' dispositive motions. For this reason, and because the matter may be resolved on other grounds, the court declines to adopt the Report to the

---

[3] Earlier requests by Plaintiff's attorney were also granted.

[4] Because the motions for sanctions sought dismissal in addition to monetary sanctions, the court treats them as dispositive.

extent it recommends granting Defendants' motions. These motions, therefore, remain unresolved, although they are mooted by the court's ruling on dismissal for failure to prosecute.

## II.     DISMISSAL FOR FAILURE TO PROSECUTE

The Report recommends that the court dismiss Plaintiff's action *with* prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court adopts this recommendation in part, dismissing the action *without* prejudice. Because the relevant factors are not addressed in the Report, the court addresses them in this order.

Rule 41(b) provides as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Although Rule 41(b) refers to a motion by a defendant, it is well established that a court may dismiss for non-prosecution or non-compliance with court rules and orders on its own initiative. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In determining whether dismissal is an appropriate remedy for failure to prosecute, courts balance competing concerns by considering the a variety of factors. *E.g.*, *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (addressing Sixth Circuit's four-factor test); *Doyle v. Murray* 938 F.2d 33. 34 (4th Cir. 1991) (addressing Fourth Circuit's four-factor test). In the Fourth Circuit, the factors to be balanced are as follows:

10

> (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal.

*Doyle*, 938 F.2d at 34.[5]  These factors are not, however, applied rigidly.  *Ballard v. Carlson,* 882 F.2d 93, 95-96 (4th Cir. 1989).  Although not expressly referenced in these factors, prior warnings are an important consideration.  *Bowman v. United States*, 100 F.3d 950, 1996 WL 633448 (4th Cir. 1996) (affirming dismissal under Rule 41(b) where, inter alia, plaintiff was "personally involved in [the] proceedings[, and] had personal knowledge of the dangers of failure to comply with court-ordered deadlines[,]" "the history of [the] proceedings demonstrate[d] nothing but continual warnings from the court of the need to comply with court orders[,]" "none of [plaintiff's] filings were timely," and defendant was prejudiced by having "to expend resources to defend a suit and attempt trial preparation without the required participation by [plaintiff]."); *see also Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988) (noting that, "absent notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'").  For reasons explained below, the *Doyle* factors favor dismissal in this case.

---

[5]  The factors considered in the Sixth Circuit are similar, though not identical, to those considered in the Fourth Circuit:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah*, 261 F.3d at 589.

11

**A.      Plaintiff bears personal responsibility for the events prompting dismissal.**

The Report recommends dismissal for failure to prosecute based on Plaintiff's failure to file a document indicating whether he would proceed pro se or, alternatively, providing information regarding the attorney who would undertake his representation ("Notice of Representation"). This failure occurred after Plaintiff's former attorney was allowed to withdraw and after Plaintiff, acting as his own counsel, filed various documents including one seeking an extension of time to file the Notice of Representation. Critically, the failure occurred after the court twice warned Plaintiff that failure to file the Notice of Representation could result in dismissal and two similar warnings regarding other obligations to comply with court orders and deadlines. ECF Nos. 74, 79, 85, 92. The final warning was included in the order granting Plaintiff's pro se motion for an extension of time to file the Notice of Representation. Thus, the critical failure to act is directly attributable to Plaintiff, who was acting as his own counsel at the time, and had been repeatedly warned that he risked dismissal if he failed to comply with court directives.

Plaintiff was, at the point of his ultimate failure, also clearly on notice of four long-pending motions for sanctions and summary judgment, and the court's warning that the deadlines for responding to these motions would not be extended. He was, moreover, on notice that the pending motions could have resulted not only in entry of judgment against him, but also in a monetary award for discovery abuse including false statements made under oath.

Under these circumstances, the court finds that Plaintiff's decision not to file a document stating whether he would proceed pro se or had retained replacement counsel, and failing to make any response to the pending motions was the fault of Plaintiff alone. The court further finds that the decison was a deliberate one, undertaken with clear warning of the risk his failure would result in

entry of default, and quite possibly a calculated decision that default might be preferable to a ruling on the pending motions.[6]

  **B.**  **Defendants have been prejudiced by Plaintiff's actions.**

As in *Bowman* (discussed *supra* at 11), Defendants are prejudiced in that they have been put to the expense of defending this action, including the expense caused by the extended delays in resolution of their motions. Resolution of the action has been delayed, and Defendants' expenses increased, by Plaintiff's failure to comply with the court's instructions. Most critically, Defendants' motions for sanctions and summary judgment cannot be addressed, even now, because Plaintiff has failed to file the required notice.

  **C.**  **There is a drawn out history of deliberately proceeding in a dilatory fashion.**

Despite seeking and receiving an extension of time to respond to the court's directives and Defendants' motions, Plaintiff took no further action. He also failed to file any objection to the Report which recommended his action be dismissed under Rule 41(b), that summary judgment be granted to both Defendants, and that monetary sanctions be awarded against him. These inactions suggest, at least, that Plaintiff has proceeded in a deliberately dilatory fashion, if not intentional abandonment of the action.

  **D.**  **Less drastic sanctions would be insufficient to achieve deterrence.**

Plaintiff has not argued for any lesser sanction. Indeed, he has failed to object to a Report which recommended dismissal with prejudice for failure to prosecute as well as entry of summary

---

[6] Because no *Roseboro* order was entered, the court does not rely on Plaintiff's failure to file an *appropriate* response to the dispositive motions. The failure to file *any* response, given the prior warnings that the deadline would not be extended, is, nonetheless, indicative of an intentional decision to ignore the court's repeated directives.

judgment and monetary sanctions. Under these circumstances, the court finds that any sanction short of dismissal with conditions as indicated below would be insufficient to provide the requisite deterrent effect.

The court does not, however, find sufficient basis to dismiss the action with prejudice. This is, most critically, because the Magistrate Judge's warnings did not state whether dismissal would be with or without prejudice. The court will, however, impose the following condition on refiling: If Plaintiff refiles this action, it shall be designated as a related case to the present action, shall be filed in this court, shall attach a copy of this order, and shall proceed as if the present case is reinstated. In other words, absent agreement or order to the contrary, there will be no further discovery and, after answering, Defendants may refile their now-pending motions by such deadline as is set by the court.[7]

## CONCLUSION

For the reasons set forth above, the court, sua sponte, dismisses this action without prejudice for failure to prosecute. Although dismissal is without prejudice, refiling is subject to the conditions set forth above. In light of this dismissal and for other reasons set forth above, the court does not reach Defendants' pending motions.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 11, 2014

---

[7] The court makes no determination as to whether the age of the claims may result in a time bar in the event the action is refiled, but notes that possibility.